UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> for the use of EFCO CORPORATION, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE GUARANTEE COMPANY OF NORTH ) <br> AMERICA USA, a Michigan Corporation, ) <br> FIDELITY & DEPOSIT COMPANY OF ) <br> MARYLAND, a Maryland corporation, ) <br> ZURICH AMERICAN INSURANCE ) <br> COMPANY, a New York corporation, ) <br> BENNETT CONTRACT GLAZING, INC., ) <br> a Utah corporation, CREATIVE TIMES ) <br> DAYSCHOOL, INC. dba CREATIVE TIMES, ) <br> INC., a Utah corporation, BIG-D ) <br> CONSTRUCTION CORP., a Utah corporation ) <br> and MICHEAL F. LAMOREAUX, ) <br> Defendants. ) | Civil Action No. |

## COMPLAINT

Use Plaintiff, EFCO Corporation, through its attorney, Kevin R. Ellis, P.C., brings this case pursuant to the "Miller Act", 40 U.S.C. 3131 *et. seq.*, and for its Complaint against the Defendants states and alleges as follows:

### STATEMENT OF PARTIES

1. Use Plaintiff, EFCO Corporation (hereinafter referred to as "EFCO") is a corporation whose principal place of business is located at 1000 County Road, Monett, MO 65708.

2. Defendant The Guarantee Company Of North America USA (hereinafter referred to as "Guarantee") is a Michigan corporation qualified to do business and is doing business as a corporate surety in the State of Colorado.

3. Defendant Fidelity & Deposit Company Of Maryland (hereinafter referred to as "Fidelity") is a Maryland corporation qualified to do business and is doing business as a corporate surety in the State of Colorado.

4.     Defendant Zurich American Insurance Company (hereinafter referred to as "Zurich") is a New York corporation qualified to do business and is doing business as a corporate surety in the State of Colorado.

5.     Defendant Bennett Contract Glazing, Inc. (hereinafter referred to as "Bennett") is a Utah corporation whose principal place of business is located at 203 W. Utopia Ave., Salt Lake City, UT 84126.

6.     Defendant Creative Times Dayschool, Inc. dba Creative Times, Inc. (hereinafter to referred to as "Creative") is a Utah corporation whose principal place of business is located at 2878 Commerce Way, Ogden, UT 84401.

7.     Defendant Big-D Construction Corp. (hereinafter to referred to as "Big-D") is a Utah corporation whose principal place of business is located at 404 West 400 South, Salt Lake City, UT 84101.

8.     Defendant Micheal F. Lamoreaux (hereinafter referred to as "Lamoreaux") is an individual and president of Bennett who personally guaranteed payment of Bennett's account to EFCO, and who resides at 2776 E. 3220 S., Salt Lake City, UT 84109.

## JURISDICTION AND VENUE

9.     Jurisdiction in the United States District Courts is authorized pursuant to 28 U.S.C. 1331 and 40 U.S.C. 3133.

10.    Venue in the United States District Court for the District of Colorado is proper pursuant to 28 U.S.C. 1331(b)(2) and 40 U.S.C. 3133(3)(B) as the contract giving rise to this suit was performed and executed within the State of Colorado.

## GENERAL ALLEGATIONS

11.    This case arises out of Bennett's failure to pay EFCO for materials supplied by EFCO on open account to Bennett, payment for which is guaranteed by Lamoreaux, which materials were incorporated into the construction of improvements and prosecution of work on a project known as the Fort Carson Physical Fitness Facility at Fort Carson, Colorado (the "Project).

12.    On a date unknown to EFCO but believed to be July 17, 2009, Creative entered into a "prime contract" with the United States of America, acting by and through the FAR

Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405, for the construction of additions, alteration, or repairs to a public building on the Project under contract nos. W9128F-09-C-0024 and/or W9128F-09-R-0043. The prime contract was for an amount greater than $100,000.00.

13. On July 27, 2009, Creative as principal and Fidelity and Zurich as sureties executed and delivered to the United States a Payment Bond no. 08958043 (the "Creative Bond") relating to the Project. Said Bond with a penal sum of $23,395,008.00 was executed pursuant to 40 U.S.C. 3131(b)(2) for the protection of all persons supplying labor and material on the Project as required by 40 U.S.C. 270a-270e. A true and correct copy of the Creative Bond is attached hereto and incorporated herein as **Exhibit 1**.

14. On a date unknown to EFCO but believed to be on or before November 23, 2010, Creative is understood to have entered into a joint venture with Big-D for the performance of the prime contract no. W9128F-09-C-0024, or a portion thereof, on the Project.

15. On a date unknown to EFCO but believed to be November 23, 2010, Big-D entered into a Subcontract with Bennett for the performance of interior glazing on the Project. The Subcontract was for an amount greater than $100,000.00.

16. On January 21, 2011, Bennett as principal and Guarantee as surety executed a Subcontract Labor And Material Payment Bond no. 11073744 (the "Bennett Bond") relating to the Project. Said Bond with a penal sum of $924,039.00 was executed pursuant to 40 U.S.C. 3131(b)(2) for the protection of all persons supplying labor and material in carrying out the work provided for in the Subcontract for the use of each person. A true and correct copy of the Bennett Bond is attached hereto and incorporated herein as **Exhibit 2**.

17. In the performance of its Subcontract, Bennett furnished labor and materials, some of which were provided by EFCO, for the prosecution of work on the Project.

18. EFCO had a direct contractual relationship with Bennett, a Subcontractor to whom EFCO supplied materials in the prosecution of the work provided for by the prime contract identified above for the Project and is therefore a "person" having the right to bring this civil action pursuant to 40 U.S.C. 3133(b)(2) of the Miller Act.

19. On November 10, 2011, Big-D executed a Joint Check Agreement pursuant to which Big-D agreed to provide joint checks to Bennett and EFCO for payment of materials

provided by EFCO on the Project. A true and correct copy of the Joint Check Agreement is attached hereto and incorporated herein as **Exhibit 3.**

20.  The date on which EFCO supplied the last of the material for which its claim is made was February 7, 2012.

21.  On February 17, 2012, amended February 22, 2012, within ninety (90) days from the date on which EFCO last supplied material for the Project and for which its claim is made, EFCO gave written notice to Fidelity, Zurich, Big-D and Creative that EFCO was making claim in the sum of $36,548.67, the amount EFCO was unpaid for the material it had supplied to Bennett in the prosecution of the work provided for in the prime contract and Subcontract on the Project. Copies of the written notice were also provided those dates to the USACE District Omaha and Bennett, and demand for payment was made. Copies of EFCO's Miller Act/Bond Claim Notices in accordance with 40 U.S.C. 3131 is attached hereto and incorporated herein as **Exhibits 4 and 5.**

22.  EFCO has fully performed pursuant to all terms and conditions of its agreement with and obligations to supply the materials to Bennett which it ordered for the Project.

23.  EFCO has demanded payment from Big-D and Creative, prime contractors, and Bennett, Subcontractor, since February 22, 2012, but all have neglected, failed or refused to make payment.

24.  This civil action is commenced more than ninety (90) days, but no later than one (1) year after EFCO supplied the last of its materials for the Project.

**FIRST CLAIM FOR RELIEF**
(Action on Creative Bond – against Fidelity & Deposit Company Of Maryland and Zurich American Insurance Company, Sureties)

25.  EFCO hereby incorporates by reference all paragraphs of its Statement Of Parties, Jurisdiction And Venue and General Allegations as if more fully set forth verbatim herein.

26.  As principal on the Payment Bond, Creative's payment sureties, Fidelity and Zurich as sureties are liable to EFCO pursuant to the terms of the Bond and 40 U.S.C. 3131 *et. seq.*

27.  As a direct and proximate result of Creative's, Fidelity's and Zurich's failure and refusal to pay, EFCO has been damaged in the principal balance of $36,548.67, the unpaid

amount by Bennett for the materials supplied by EFCO under the prime contract on the Project and properly claimed by EFCO against the Creative Bond.

WHEREFORE, the United States for the use Plaintiff, EFCO Corporation, prays for judgment against the Defendant – Sureties, Fidelity & Deposit Company Of Maryland and Zurich American Insurance Company, on the action on the Creative Payment Bond in the amount of $36,548.67, together with interest as provided by law, reasonable attorney fees as may be provided by contract or law, costs and such other and further relief that the Court may deem just and proper.

### SECOND CLAIM FOR RELIEF
(Action on Bennett Bond – against The Guarantee Company Of North America USA, Surety)

28. EFCO hereby incorporates by reference all paragraphs of its Statement Of Parties, Jurisdiction And Venue and General Allegations as if more fully set forth verbatim herein.

29. As principal on the Subcontract Labor And Material Payment Bond, Bennett's payment surety, Guarantee as surety is liable to EFCO pursuant to the terms of the Bond and 40 U.S.C. 3131 *et. seq.*

30. As a direct and proximate result of Bennett's and Guarantee's failure and refusal to pay, EFCO has been damaged in the principal balance of $36,548.67, the unpaid amount by Bennett for the materials supplied by EFCO under the prime contract on the Project and properly claimed by EFCO against the Bond.

WHEREFORE, the United States for the use Plaintiff, EFCO Corporation, prays for judgment against the Defendant – Surety, The Guarantee Company Of North America USA, on the action on the Bennett Subcontract Labor And Material Payment Bond in the amount of $36,548.67, together with interest as provided by law, reasonable attorney fees as may be provided by contract or law, costs and such other and further relief that the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
(Open Account – against Bennett Contract Glazing, Inc.)

31. EFCO hereby incorporates by reference all paragraphs of its Statement Of Parties, Jurisdiction And Venue and General Allegations as if more fully set forth verbatim herein.

32. On or about June 17, 2011 and before through December 16, 2011, Bennett submitted its Purchase Orders to EFCO for the purchase of certain goods and materials in the descriptions and at the prices noted thereon to be utilized by Bennett in the performance of its Subcontract on the Project.

33. On September 10, 2002 and on September 29, 2010, Bennett, through its president and authorized representative, Micheal F. Lamoreaux, executed with EFCO Credit Applications to purchase goods and materials with credit on open account.

34. On or about June 17, 2011 and thereafter through February 3, 2012 EFCO shipped to Bennett at the Project jobsite the goods and materials Bennett ordered to be utilized on the Project, the cost for which was charged on Bennett's open account with EFCO

35. Payment by Bennett to EFCO for its charges on its open account with EFCO was due according to the Terms And Conditions accompanying EFCO's Credit Applications and as stated on EFCO's invoices to Bennett, "2% 15, Net 30 Days from Invoice Date." EFCO invoiced Bennett for the outstanding purchases on the open account between November 15, 2011 and February 7, 2012.

36. Bennett is indebted to EFCO for goods sold and delivered on open account on or about November 15, 2011 through February 7, 2012 by EFCO in a principal balance of $36,548.67 plus interest at the maximum legal interest rate, 45% per annum in Colorado, from the date EFCO's invoices to Bennett became due and reasonable attorney fees pursuant to EFCO's Terms And Conditions agreed to by Bennett.

37. The principal balance owed EFCO by Bennett remains past due and unpaid despite demands therefor.

WHEREFORE, EFCO Corporation prays for judgment in its favor and against Defendant Bennett Contract Glazing, Inc. on its claim on open account in the amount of $36,548.67, together with interest as provided by law, reasonable attorney fees as may be provided by contract or law, costs and such other and further relief that the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF
### (Personal Guaranty - Micheal F. Lamoreaux)

38. EFCO hereby incorporates by reference all paragraphs of its Statement Of Parties, Jurisdiction And Venue, General Allegations and Third Claim For Relief against Bennett on open account as if more fully set forth verbatim herein.

39. On September 10, 2002, together with Bennett's execution with EFCO a Credit Application to purchase goods and materials with credit on open account, and in consideration of the extension of credit by EFCO to Bennett, Bennett's president and authorized representative, Micheal F. Lamoreaux, also executed a personal Guaranty to EFCO unconditionally guaranteeing payment by Bennett of any indebtedness owed by it to EFCO.

40. Lamoreaux is indebted to EFCO under the terms and conditions of said personal Guaranty for the extension of credit by EFCO to Bennett for the goods sold and delivered to Bennett on open account by EFCO in the principal balance of $36,548.67 plus interest and reasonable attorney fees pursuant to EFCO's terms and conditions agreed to by Bennett and Lamoreaux.

41. The principal balance owed EFCO by Bennett and Lamoreaux remains past due and unpaid despite demands therefor.

WHEREFORE, EFCO Corporation prays for judgment in its favor and against Defendant Micheal F. Lamoreaux on its claim on personal Guaranty in the amount of $36,548.67, together with interest as provided by law, reasonable attorney fees as may be provided by contract or law, costs and such other and further relief that the Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF
### (Breach of Joint Check Agreement – against Big-D Construction Corp.)

42. EFCO hereby incorporates by reference all paragraphs of its Statement Of Parties, Jurisdiction And Venue, General Allegations and Third Claim For Relief against Bennett on open account as if more fully set forth verbatim herein.

43. On November 10, 2011, Big-D agreed to provide joint checks to Bennett and EFCO for all payments to become due to EFCO on the Project.

44. EFCO subsequently supplied all of the materials ordered by Bennett which were utilized in the prosecution of the work provided for in the prime contract and Bennett's Subcontract on the Project.

45. The balance of the agreed upon price of the materials ordered by Bennett and supplied by EFCO on the Project which remains unpaid is a principal balance of $36,548.67.

46. Subsequent to November 10, 2011, Big-D may have made payments to Bennett which included amounts due to EFCO in breach of its agreement to provide joint checks to Bennett and EFCO for payment of materials provided by EFCO on the Project.

47. The principal balance remaining due from Bennett, Subcontractor, and Big-D, prime contractor, to EFCO is $36,548.67 plus interest from the date the principal balance became due and reasonable attorney fees, no part thereof having been paid by these Defendants despite EFCO's demands for payment.

WHEREFORE, EFCO Corporation prays for judgment in its favor and against Defendant Big-D Construction Corp. on its claim for breach of joint check agreement in the amount of $36,548.67, together with interest as provided by law, reasonable attorney fees as may be provided by contract or law, costs and such other and further relief that the Court may deem just and proper.

## SIXTH CLAIM FOR RELIEF
(Unjust Enrichment, Quantum Meruit – against Bennett, Lamoreaux, Big-D and Creative)

48. EFCO hereby incorporates by reference all paragraphs of its Statement Of Parties, Jurisdiction And Venue, General Allegations, Third, Fourth and Fifth Claims For Relief as if more fully set forth verbatim herein.

49. EFCO, at the request, knowledge or consent of Bennett, Lamoreaux, Big-D and Creative, supplied certain and materials which were utilized on the Project.

50. The materials supplied by EFCO which were utilized on the Project conferred a benefit upon Bennett, Lamoreaux, Big-D and Creative.

51. Bennett, Lamoreaux, Big-D and Creative had an appreciation and knowledge of the benefit conferred by EFCO.

52. Bennett, Lamoreaux, Big-D and Creative accepted and retained the benefit of EFCO's supplied materials utilized on the Project, or the proceeds therefrom.

53. Bennett, Lamoreaux, Big-D and Creative accepted and retained the benefit conferred by EFCO knowing that EFCO expected to be paid the principal balance of the agreed upon price, $36,548.67, for the materials it supplied for the Project.

54. Bennett, Lamoreaux, Big-D and Creative have failed and refused to pay to EFCO the principal balance of the agreed upon price, $36,548.67, for the materials EFCO supplied for the Project despite EFCO's demand for payment.

55. As a result of the foregoing, Bennett, Lamoreaux, Big-D and Creative have been unjustly enriched at the expense of EFCO in the amount equal to the principal balance of the agreed upon price, $36,548.67, for the materials EFCO supplied for the Project, plus interest.

56. Under the above circumstances, it is inequitable for Bennett, Lamoreaux, Big-D and Creative to retain the benefit conferred upon them by EFCO without payment to EFCO of the principal balance of the fair and agreed upon price, $36,548.67, for the materials EFCO supplied for the Project, plus interest.

WHEREFORE, EFCO Corporation prays for judgment in its favor and against Defendants Bennett Contract Glazing, Inc., Micheal F. Lamoreaux, Big-D Construction Corp. and Creative Times Dayschool, Inc. dba Creative Times, Inc. on its claim for unjust enrichment, quantum valebant, in the amount of $36,548.67, together with interest as provided by law, reasonable attorney fees as may be provided by contract or law, costs and such other and further relief that the Court may deem just and proper.

Dated: February 1, 2013

KEVIN R. ELLIS, P.C.

/s/ Kevin R. Ellis

Kevin R. Ellis
Attorney for Plaintiff EFCO Corporation
1221 S. Clarkson, #222
Denver, CO  80210
Telephone: 303-733-1500
Facsimile: 303-733-1399
kevinrellislaw@yahoo.com

2ke011813